UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VINCENT EMILIO, individually and on behalf          :
of all others similarly situated,                   :
                                                    :
                              Petitioner,           :          No. 08-CV-7147 (BSJ)
                                                    :
              -vs.-                                 :
                                                    :
SPRINT SPECTRUM L.P. d/b/a/ SPRINT PCS,             :          **ECF Filed**
                                                    :
                              Respondent.           :
-----------------------------------------------------------------------X

## <u>PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND FOR RELATED RELIEF</u>

SANFORD WITTELS & HEISLER, LLP
William R. Weinstein
950 Third Avenue, 10th Floor
New York, NY 10022
(646) 723-2947

ATTORNEYS FOR PETITIONER
AND THE CLASS

Dated: New York, New York
       September 5, 2008

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................. 4

I.    THE COURT SHOULD GRANT PETITIONER'S
      PETITION IN ITS ENTIRETY ............................................................................ 4

      A.    The Court Should Reserve The Right, Additionally
            Or Alternatively, To Stay The State Court Proceeding
            Pursuant To 28 U.S.C. § 2283 .................................................................. 6

      B.    This Court Has Jurisdiction To Rule On Petitioner's Petition ................... 7

II.   THE COURT SHOULD REQUIRE RESPONDENT TO
      PAY PETITIONERS ATTORNEYS' FEES AND EXPENSES
      INCURRED IN CONNECTION WITH THE PETITION
      AND RESPONDENT'S AUGUST 8, 2008 MOTION .......................................... 7

CONCLUSION .............................................................................................................. 8

## TABLE OF AUTHORITIES

*Page*

## CASES:

*Evans & Sutherland Computer Corp. v. Thomson Training & Simulation Ltd.,*
    1994 WL 593808 (S.D.N.Y. Oct. 28, 1994)...................................................................5

*In re Cellular 101,*
    2008 WL 3863870 (9th Cir. Aug. 21, 2008)...............................................................3

*Jacobs v. USA Track & Field,*
    374 F.3d 85 (2d Cir. 2004)........................................................................................4, 5

*Kulukundis Shipping Co. v. Amtorg Trading Corp.,*
    126 F.2d 978 (2d Cir. 1942)........................................................................................6

*Westmorland Cap. Corp. v. Findlay,*
    100 F.3d 263 (2d Cir. 1996)........................................................................................7


## FEDERAL STATUTES:

9 U.S.C. § 4....................................................................................................................1, 3, 4

28 U.S.C. §1332.................................................................................................................7

28 U.S.C. § 2283............................................................................................................1, 6

## **PRELIMINARY STATEMENT**

Petitioner Vincent Emilio ("Petitioner"), individually and on behalf of all others similarly situated, by his counsel, respectfully submits this Memorandum of Law in support of Petitioner's Petition against respondent Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint" or "Respondent"), for an Order pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4: (i) compelling Respondent to continue to arbitrate in Petitioner's class action arbitration presently pending in the JAMS arbitration forum against Respondent (the "Arbitration") in accordance with the terms of the arbitration agreement between Petitioner and Respondent (the "Arbitration Agreement"); (ii) enjoining Respondent from pursuing or continuing to pursue its (or any) claim for injunctive relief against Petitioner and the class he seeks to represent that would preclude or otherwise interfere with the right and ability of Petitioner to continue to participate in and prosecute the Arbitration, either individually or on behalf of the class he seeks to represent; (iii) requiring Respondent to withdraw its August 8, 2008 motion filed in the Kansas State District Court seeking to enjoin Petitioner from continuing to participate or pursue his claims in the Arbitration, either individually or on behalf of the class Petitioner seeks to represent; (iv) additionally and/or alternatively, if necessary, pursuant to 28 U.S.C. § 2283, staying the Kansas state court proceedings "as necessary in aid of [the Court's] jurisdiction, or to protect or effectuate its judgments" in connection with the granting of Petitioner's Petition; and (v) awarding Petitioner's attorneys' fees and expenses incurred in connection with these proceedings.[1]

---

[1]    References to the allegations of Petitioner's Petition are denoted herein as "Pet. ¶ __." References to the accompanying Declaration of William R. Weinstein in support of the Petition are denoted herein as "Weinstein Decl., ¶ __," and the exhibits annexed to the Weinstein Declaration are denoted herein as "Weinstein Decl., Ex. __." Capitalized terms used herein are as defined in the Petition and/or the Weinstein Declaration, as appropriate.

The facts underlying Petitioner's Petition are set out in precise detail in his Petition, are corroborated in the Weinstein Declaration accompanying this supporting Memorandum of Law, and will not be repeated herein. The Court is respectfully referred to the Petition and the accompanying Weinstein Declaration for the complete facts relevant to the Petition and the relief sought by Petitioner.

In a nutshell, Respondent has actively participated for more than three years, in accordance with the Arbitration Agreement between the parties (Petition, Ex. A), in Petitioner's class action Arbitration in the JAMS arbitration forum against Respondent asserting claims based on Respondent's allegedly deceptive practices regarding New York State Excise Tax charges imposed on Petitioner and Respondent's other New York customers.

Respondent, however, is very unhappy with the July 16, 2008 Decision of the Arbitrator, the Honorable Kathleen A. Roberts, holding, *inter alia,* that the *Benney/Lundberg* nationwide class action settlement Sprint achieved in a Kansas State court in connection with certain surcharges and other billing practices could not satisfy the constitutional "adequacy of representation" requirement of the Due Process Clause in order to preclude Petitioner's New York State Excise Tax claims, for reasons including: (i) the failure of the *Benney/Lundberg* class representatives to assert the same claims based on the same factual predicate; (ii) the lack of standing of the *Benney/Lundberg* class representatives to assert claims pertaining to the New York State Excise Tax; (iii) the admission of Respondent's counsel that the issue of state excise taxes was never a subject of discussion between the parties to the *Benney/Lundberg* Settlement at any time; and (iv) the fact that "it is impossible for any consideration to have been paid for the release of the excise tax claims that no one ever discussed in the course of the settlement, no certified class representative or class counsel

2

knew existed, and no certified class representative had standing to assert or release." *See* Weinstein Decl., ¶ 22, Ex. 9 at 3-6.[2]  Respondent is also unhappy with the fact that at the conclusion of her July 16, 2008 Decision, Judge Roberts directed the parties to the Arbitration to schedule a telephonic conference "to discuss class certification procedures with respect to Claimant's KCPA claim." *See* Weinstein Decl., ¶ 24, Ex. 9 at 9.

Indeed, Respondent is so unhappy about Judge Roberts' July 16, 2008 Decision that on August 8, 2008 it ran back to the Kansas State District Court that gave final approval to the *Benney/Lundberg* Settlement 21 months earlier, and filed a motion seeking an order enjoining Petitioner from continuing to arbitrate his claims, either individually or on behalf of the Class he seeks to represent in the Arbitration.  In support of its August 8, 2008 Motion, Respondent raised arguments substantially identical to those raised by Respondent in its prior briefs and supplemental correspondence considered and disposed of as a result of Judge Roberts' July 16, 2008 Decision.  S*ee* Weinstein Decl., ¶¶ 20, 25-26, Exs. 7, 8, 11, 12.

This Court's role in such circumstances, and the relief Petitioner seeks, are straightforward.  If a valid agreement to arbitrate exists (it does), and if Respondent's conduct constitutes the "failure, neglect and refusal" to arbitrate in accordance with the terms of the Arbitration Agreement (it does), then the inquiry is over, and this Court is empowered under FAA § 4 to compel Respondent to return to the JAMS Arbitration, and to enjoin Respondent

---

[2]      In her July 16, 2008 Decision, Judge Roberts notes that Respondent's counsel in the Arbitration never advised Judge Roberts or Petitioner's counsel of the pendency of the *Benney/Lundberg* action or the related settlement proceedings at any time until November 8, 2006, when the Final Order approving the *Benney/Lundberg S*ettlement was entered – and this includes at any time in connection with the arbitration proceedings earlier in 2006 regarding the enforceability of the class action waiver contained in the Arbitration Agreement.  *See* Weinstein Decl., Ex. 9 at 3; Weinstein Decl. ¶¶ 8, 12-13.  As the Ninth Circuit recently observed in a comparable situation, such conduct, *inter alia,* is a breach of the duty owed by Respondent's counsel in the Arbitration to a tribunal.  *See In re Cellular 101,* 2008 WL 3863870, at *3 (9th Cir. Aug. 21, 2008).

from engaging in conduct in violation of the terms of the Arbitration Agreement and Respondent's obligation to participate in good faith in the Arbitration without seeking outside judicial interference.  Although the merits of Judge Roberts' July 16, 2008 Decision are most interesting and compelling, it is not this Court's role to weigh, consider or sit in review of the merits – the merits are for the Arbitrator, as Respondent agreed under the terms of the Arbitration Agreement it imposed on Petitioner and its other customers, and with which Respondent is bound to comply.

## ARGUMENT

## I.    THE COURT SHOULD GRANT PETITIONER'S PETITION IN ITS ENTIRETY

This Court has already seen a case analogous to the one presented by the Petition, although the proper result here – granting the Petition – is the opposite of the holding and decision that the Court correctly reached in the prior case.  The Court's prior decision, in which the Court found no "failure, neglect or refusal' to arbitrate and thus denied the petition filed therein under FAA § 4, was affirmed by the Second Circuit, in *Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004) ("*Jacobs*").

In *Jacobs,* as the Court will recall, world-class track athlete Regina Jacobs filed a petition under FAA §4, purportedly to compel the respondents to arbitrate "doping" charges in accordance with the "Commercial Rules" of the American Arbitration Association ("AAA") that petitioner Jacobs thought should govern her arbitration proceeding, rather than the "Supplementary Rules" that the respondents therein thought, and the AAA determined, should apply.  *Id.* at 86.

With respect to the limited role of the Court in connection with Petitioner's Petition, the Second Circuit in *Jacobs* unequivocally set out the following standard, *id.* at 88:

> Under the FAA, "the role of courts is 'limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate.'" *Shaw Group Inc. v. Triplefine Int'l Corp.,* 322 F.3d 115, 120 (2d Cir.2003) (quoting *PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1198 (2d Cir.1996)).

Noting that the parties did not dispute the existence of the arbitration agreement, the Second Circuit held in *Jacobs* that because the respondents therein had "not commenced litigation against petitioner . . . [or] failed to comply with an order to arbitrate," there was no "refusal to arbitrate" supporting the grant of a petition to compel arbitration under FAA § 4. *Id.* at 89 (quoting *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 725 F.2d 192 (2d Cir.1984)).

In direct contrast to the respondents in *Jacobs* and *Downing*, Respondent here commenced a judicial proceeding in the Kansas State District Court for Wyandotte County on August 8, 2008 whose sole goal is to circumvent and avoid, and fail and refuse to comply with, Judge Roberts' July 16, 2008 Decision holding that the *Benney/Lundberg* Settlement cannot constitutionally be applied to preclude the continuing arbitration of Petitioner's individual and class claims, and directing Petitioner and Respondent to proceed with class certification-related proceedings. By judicially seeking to enjoin Petitioner from pursuing his claims in the Arbitration in which Respondent has actively participated for the past three or more years, Respondent has violated the term of the Arbitration Agreement and the JAMS Rules rendering the Decision of Judge Roberts "final and binding." *See* Petition, Ex. A; Weinstein Decl., ¶ 5, Ex. 2. *See also Evans & Sutherland Computer Corp. v. Thomson Training & Simulation Ltd.,* 1994 WL 593808, at *5 (S.D.N.Y. Oct. 28, 1994) (granting petition to compel arbitration and noting that requiring party to arbitration agreement to respond to additional legal proceedings commenced outside of selected arbitration forum is

inconsistent with "strong federal policy favoring arbitration"). *Cf. Kulukundis Shipping Co. v. Amtorg Trading Corp.,* 126 F.2d 978 (2d Cir. 1942) (party is in "default" of obligation to arbitrate under FAA § 3 "who, when requested, has refused to go to arbitration or who has refused to proceed with the hearing before the arbitrators once it has commenced").

Thus, Petitioner is entitled to have his Petition and the relief he seeks therein granted in its entirety by the Court.

### A.    The Court Should Reserve The Right, Additionally Or Alternatively, To Stay The State Court Proceeding Pursuant To 28 U.S.C. § 2283

By his Petition, Petitioner seeks an Order providing the following injunctive relief against Respondent: (i) compelling Respondent to continue to arbitrate in Petitioner's class action Arbitration in accordance with the terms of the Arbitration Agreement between Petitioner and Respondent; (ii) enjoining Respondent from pursuing or continuing to pursue its (or any) claim for injunctive relief against Petitioner and the class he seeks to represent that would preclude or otherwise interfere with the right and ability of Petitioner to continue to participate in and prosecute the Arbitration, either individually or on behalf of the class he seeks to represent; and (iii) requiring Respondent to withdraw its August 8, 2008 motion filed in the Kansas State District Court seeking to enjoin Petitioner from continuing to participate or pursue his claims in the Arbitration, either individually or on behalf of the class Petitioner seeks to represent.

This relief, taken cumulatively, should be sufficient to get the Arbitration back on its agreed-upon course and keep it there.  The Court should nevertheless reserve the right to enjoin the Kansas State District Court proceedings, if necessary, pursuant to 28 U.S.C. § 2283, in aid of its jurisdiction and to ensure compliance with its Order granting Petitioner's Petition, in the event the Kansas State Court decides "to take matters into its own hands."

### B.     This Court Has Jurisdiction To Rule On Petitioner's Petition

Petitioner's Petition asserts two different grounds for the jurisdiction of the Court to rule on the Petition: (i) CAFA diversity jurisdiction under 28 U.S.C. §1332(d) (Pet. ¶ 8(a)); and (ii) individual diversity jurisdiction under 28 U.S.C. §1332(a) (Pet. ¶ 8(b)).   The accompanying Weinstein Declaration, ¶¶ 27-35, sets out all of facts necessary to establish the existence of these two independent diversity bases for the Court's jurisdiction.   *Cf. Westmorland Cap. Corp. v. Findlay,* 100 F.3d 263, 268 (2d Cir. 1996) (because FAA § 4 does not confer federal question jurisdiction, independent basis for such jurisdiction under diversity or maritime law must exist).  Tellingly, Respondent's August 8, 2008 Motion expressly seeks to enjoin Petitioner both individually and on behalf of the Class he seeks to represent, thereby directly implicating CAFA jurisdiction (Weinstein Decl., Ex. 11).

## II.     THE COURT SHOULD REQUIRE RESPONDENT TO PAY PETITIONERS ATTORNEYS' FEES AND EXPENSES INCURRED IN CONNECTION WITH THE PETITION AND RESPONDENT'S AUGUST 8, 2008 MOTION

The Arbitration Agreement (Petition, Exhibit A) expressly entitles Petitioner to recover attorneys' fees and expenses incurred in connection with the Petition, as follows:

> If any party files a judicial or administrative action asserting a claim that is subject to arbitration and another successfully stays such action or compels arbitration, the party filing that action must pay the other party's costs and expenses incurred in seeking such stay or compelling arbitration, including attorneys' fees.

Based on the total number of hours incurred to date and the current hourly rate of Petitioner's counsel, Respondent is presently obligated to pay $26,400 in fees in connection with the Petition, as well as filing costs of $350 (Weinstein Decl., ¶¶ 36-37).  These fees and expenses ultimately will be supplemented by additional fees incurred in connection with the preparation of reply papers and any appearance in this Court, and may also be supplemented

by the fees and expenses incurred in connection with the submission of papers and travel and an appearance in the Kansas State District Court (if necessary) regarding Respondent's August 8, 2008 Motion (Weinstein Decl., ¶¶ 37).

Petitioner's Petition requests Respondent to pay these fees and expenses, and the Arbitration Agreement requires their payment. These amounts, therefore, should be awarded by the Court to Petitioner and his counsel.

## <u>CONCLUSION</u>

For all of the reasons stated herein and in Petitioner's Petition and the supporting Weinstein Declaration, Petitioner's Petition and the relief requested therein should be granted in its entirety by the Court.


Dated: New York, New York
        September 5, 2008

                              Respectfully submitted,

                              SANFORD WITTELS & HEISLER, LLP

                              By:    /s/ William R. Weinstein
                                     William R. Weinstein (WW-4289)
                              950 Third Avenue, 10th Floor
                              New York, NY 10022
                              (646) 723-2947

                              ATTORNEYS FOR PETITIONER
                              AND THE CLASS